UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CLAY LYNDON WYANT,<br><br>        Plaintiff,<br><br>    v.<br><br>CHELAN COUNTY; BRYAN JONES, his capacity as a police officer for Chelan County and as an individual; CURTIS VARNER, in his capacity as a police officer for Chelan County and as an individual; and LEIGH FERGUSON, in his capacity as a police officer for Chelan County and as an individual,<br><br>        Defendants. | NO. CV-08-0196-EFS<br><br>**ORDER DENYING MOTION TO AMEND COURT SCHEDULE AND GRANTING AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, is Plaintiff Clay Lyndon Wyant's Motion to Amend Court Schedule (Ct. Rec. 61), which requests that the Court continue the April 16, 2010 discovery cutoff to July or August 16, 2010. Defendants oppose the request. Upon review and for the reasons given below, the Court denies Plaintiff's request. Also, before the Court, is Defendants' Motion for Summary Judgment (Ct. Rec. 51). The Court grants and denies in part Defendants' motion for the reasons set forth below.

ORDER *1

1    On June 20, 2008, Plaintiff, through counsel, filed the Complaint, which asserts malicious prosecution, negligence, and 42 U.S.C. § 1983 wrongful arrest and excessive force claims. (Ct. Rec. 1.) A Scheduling Order was entered on March 6, 2009, setting an October 23, 2009 discovery deadline and a March 22, 2010 trial. (Ct. Rec. 14.) On October 14, 2009, the Court granted Defendants' Motion to Extend Discovery Cutoff because Defendants were having difficulty scheduling Plaintiff's deposition given that he was in state custody and was being transferred between facilities; the discovery deadline was extended to November 6, 2009. (Ct. Rec. 24.) Thereafter, on November 16, 2009, the Court granted Plaintiff's request to permit counsel to withdraw, finding that an irreconcilable conflict existed between Plaintiff and counsel. (Ct. Rec. 47.) The Court stayed the case until January 19, 2010, to provide Plaintiff with an opportunity to retain new counsel. *Id.* On December 29, 2009, Plaintiff filed a motion seeking appointment of counsel (Ct. Rec. 48); on December 30, 2009, the Court denied this request. (Ct. Rec. 49).

On January 19, 2010, the Court held a status conference; Plaintiff failed to participate. (Ct. Rec. 50.) Thereafter, a revised Scheduling Order was entered setting an October 25, 2010 trial. (Ct. Rec. 57.) On February 3, 2010, Plaintiff asked the Court to reset the trial to late April or May 2010 to provide him with an opportunity to transcribe a state court audiotape. (Ct. Rec. 58.) The Court denied Plaintiff's trial continuance request given that the March 2010 trial had already been continued to October 2010. (Ct. Rec. 59.) The Court, however,

ORDER *2

extended the discovery deadline to April 16, 2010. *Id.* The Court warned Plaintiff that it would not extend the discovery period further. *Id.*

On March 31, 2010, Plaintiff filed his instant request to extend the discovery deadline to July or August 16, 2010. (Ct. Recs. 61, 62, 63, & 65.) Plaintiff submits the previously-granted discovery extension to April 16, 2010 is unhelpful because he is incarcerated. Notwithstanding Plaintiff's incarceration, the Court deems a discovery-deadline extension is unwarranted. The discovery deadline has already been extended approximately six months due to Plaintiff's incarceration. There was sufficient time both for Plaintiff's counsel to obtain the transcript of the recording prior to counsel's withdrawal and also for Plaintiff to obtain the transcript himself, even while incarcerated.[1] Furthermore, Plaintiff had been cautioned that no further extensions would be granted, and Defendants have the right to have the claims against them resolved. Under these circumstances, the Court denies Plaintiff's extension request. The Court turns to Defendants' summary judgment motion.

Defendants seek summary judgment on Plaintiff's 42 U.S.C. § 1983 wrongful arrest and excessive force, malicious prosecution, and general negligence claims because 1) the Complaint admits that Plaintiff was convicted of a crime for which he was arrested and 2) Plaintiff testified at his deposition that the force used was not excessive. Plaintiff failed to oppose Defendants' motion. A failure to file a memorandum in opposition may be considered as consent to entry of an order adverse to

---

[1] The Court has had a number of pro se individuals pursue their civil lawsuits while incarcerated, including one who litigated his civil claims at trial.

ORDER *3

the non-responding party.  LR 7.1(b).  Also, because Plaintiff failed to challenge Defendants' Statement of Undisputed Facts (Ct. Rec. 53), the Court assumes the facts to exist as claimed by Defendants.  LR 56.1(d).

The facts before the Court are brief:  On April 22, 2005, Plaintiff was arrested by Defendants for resisting arrest and criminal trespass. Plaintiff testified that the arresting officers did not use excessive force when they arrested him. Plaintiff was convicted of criminal trespass and unsuccessfully appealed the conviction.  There are no facts relating to the disposition of the resisting arrest charge; a charge which Plaintiff alleges in his Complaint ended in his favor on June 2, 2006.

Because Plaintiff testified that he was not a victim of excessive force, the Court grants Defendants summary judgment on Plaintiff's 42 U.S.C. § 1983 excessive force claim.  (Ct. Rec. 54-2 113:5 - 114:5.) Furthermore, Plaintiff may not pursue either his malicious prosecution or 42 U.S.C. § 1983 wrongful arrest claims, as they relate to the criminal trespass arrest and conviction, because these claims necessarily imply the invalidity of the criminal trespass conviction.  *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Harvey v. Waldron*, 210 F.3d 1008, 1013 (9th Cir. 2000); *see also Fondren v. Klickitat County*, 79 Wn. App. 850, 858 (1995).  Likewise, Chelan County is granted summary judgment on Plaintiff's claim asserting municipal liability relating to his arrest and prosecution for criminal trespass.  Furthermore, to the extent Plaintiff's negligence claim relates to his criminal trespass arrest and conviction, this claim is dismissed.  Yet, there are no facts to support entry of summary judgment in Defendants' favor as to Plaintiffs' § 1983

ORDER ~ 4

wrongful arrest, malicious prosecution, and negligence claims as they relate to the dismissed resisting arrest charge.

For these reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Amend Court Scheduling **(Ct. Rec. 61)** is **DENIED**.

2. Defendants' Motion for Summary Judgment **(Ct. Rec. 51)** is **GRANTED** (42 U.S.C. § 1983 excessive force claim; all claims relating to criminal trespass arrest and prosecution) **and DENIED** (claims relating to resisting arrest charge) **IN PART**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to Plaintiff and counsel.

**DATED** this   16th   day of April 2010.


                         S/ Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2008\0196.deny.cont.wpd

ORDER *5