UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CLAY LYNDON WYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHELAN COUNTY; BRYAN JONES, his capacity as a police officer for Chelan County and as an individual; CURTIS VARNER, in his capacity as a police officer for Chelan County and as an individual; and LEIGH FERGUSON, in his capacity as a police officer for Chelan County and as an individual,<br><br>　　　　Defendants. | NO. CV-08-0196-EFS<br><br>**ORDER MEMORIALIZING THE COURT'S FEDERAL RULE OF CIVIL PROCEDURE 50(a) RULINGS, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE** |

　　On October 28, 2010, Plaintiff Clay Wyant completed his trial presentation. Defense counsel Heather Yakely then moved for a judgment as a matter of law as to all claims in Defendants' favor. (ECF No. 143.) This Order supplements and memorializes the Court's oral rulings granting Defendants' motion.

**A.　42 U.S.C. § 1983 Claims**

　　Plaintiff had a 42 U.S.C. § 1983 claim against the individual law enforcement officer Defendants Bryan Jones, Curtis Varner, and Leigh Ferguson for unlawful arrest, and § 1983 claims against Defendant Chelan

ORDER *1

County for failure to train its law enforcement officers and for malicious prosecution.

    1. <u>Individual Law Enforcement Officer Defendants</u>

In order to prove his § 1983 claim for unlawful arrest, Plaintiff needed to prove by a preponderance of the evidence that 1) Defendants Bryan Jones, Curtis Varner, and/or Leigh Ferguson acted under color of law, 2) that a Defendant arrested Plaintiff, 3) no probable cause existed to believe that Plaintiff had committed or was committing a crime, and 4) the Defendant's act was the moving force that caused Plaintiff's injury. *See Edgerly v. City & County of San Francisco*, 599 F.3d 946, 954 (9th Cir. 2010).

After considering the testimony and evidence presented during Plaintiff's case, the Court finds that no reasonable jury could find that the law enforcement officers lacked probable cause to believe that Plaintiff had resisted arrest. *See* RCW 9A.76.040 (defining resisting arrest as intentionally preventing or attempting to prevent a law enforcement officer from lawfully arresting him); *Dubner v. City & County of San Francisco*, 266 F.3d 959 (9th Cir. 2001) (defining probable cause); *Washington v. Valentine*, 132 Wn.2d 1, 21-22 (1997) (discussing resisting arrest). Because Plaintiff failed to present evidence to support the lack-of-probable-cause element, the Court dismisses Plaintiff's § 1983 claim against Defendants Jones, Varner, and Ferguson.[1]

///

---

[1] Plaintiff also failed to present evidence that Defendant Ferguson participated in the arrest of Plaintiff. The § 1983 claim against Defendant Ferguson is also dismissed on this basis.

ORDER *2

### 2. Chelan County

Plaintiff asserted two § 1983 claims against Chelan County: 1) failure to train its law enforcement officers and 2) malicious prosecution. As to the first claim, Plaintiff failed to present any evidence regarding Chelan County's training policies, or lack thereof. Therefore, the Court finds no reasonable jury could find that Chelan County failed to adequately train its police officers or was deliberately indifferent to the consequences of its alleged failure to train. *See Merritt v. County of Los Angeles*, 875 F.2d 765, 769-70 (9th Cir. 1989) (finding single incident of errant behavior insufficient to establish policy of inadequate training). Accordingly, this § 1983 claim against Chelan County is dismissed.

Plaintiff's § 1983 malicious prosecution claim is also dismissed. Chelan County Prosecutor Amee Tilger credibly testified that she made an independent probable cause determination on the basis of the officers' reports before prosecuting Plaintiff for resisting arrest. Likewise, Chelan County Judge Nakata made an independent probable cause determination on the basis of the officers' reports. Nothing in the officers' reports was impeached; therefore, no issue of fact was created that would allow a reasonable jury to determine that probable cause was lacking. For these reasons, the Court dismisses Plaintiff's § 1983 malicious prosecution claim. *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (identifying elements).

**B.  State Law Claims**

### 1. Malicious Prosecution

The Court likewise dismisses Plaintiff's state-law malicious prosecution claim because Plaintiff failed to present evidence to support

ORDER ~ 3

his allegation that his resisting arrest prosecution was not based on probable cause. *See Hanson v. City of Snohomish*, 121 Wn.2d 552 (1993) (listing elements of malicious prosecution).

2. <u>Negligence</u>

The Court also finds that no reasonable jury could that Defendants were negligent. The evidence presented clearly established that all Defendants exercised ordinary care under the circumstances.

For above-given reasons, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Judgment as a Matter of Law **(ECF No. 143)** is **GRANTED**.

2. Judgment is entered in Defendants' favor, and

3. This file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to Plaintiff and counsel.

**DATED** this   29th    day of October 2010.

                                    S/ Edward F. Shea
                                    EDWARD F. SHEA
                            United States District Judge

Q:\Civil\2008\0196.trial.rulings.wpd

ORDER *4